EVE H. KARASIK (SBN 155356)
JULIET Y. OH (SBN 211414)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California  90067
Telephone:  (310) 229-1234
Facsimile:  (310) 229-1244
Email: ehk@lnbyb.com; jyo@lnbyb.com

Attorneys for Todd A. Frealy,
Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION**

| | |
|---|---|
| In re:<br><br>BioData Medical Laboratories, Inc.,<br><br>        Debtor. | ) Case No. 6:16-bk-20446-MW<br>)<br>) Chapter 7<br>)<br>)<br>) **NOTICE OF MOTION AND MOTION**<br>) **FOR ENTRY OF ORDER AUTHORIZING**<br>) **TRUSTEE TO CONTINUE OPERATING**<br>) **BUSINESS OF DEBTOR PURSUANT TO**<br>) **11 U.S.C. § 721 THROUGH AND**<br>) **INCLUDING DECEMBER 31, 2017;**<br>) **MEMORANDUM OF POINTS AND**<br>) **AUTHORITIES; DECLARATION OF**<br>) **TODD A. FREALY IN SUPPORT**<br>) **THEREOF**<br>)<br>) [No Hearing Required Pursuant to Local<br>) Bankruptcy Rules 9021-1(e) and 9013-1(o)]<br>)<br>)<br>)<br>)<br>)<br>) |

**PLEASE TAKE NOTICE** that Todd A. Frealy, the duly appointed Chapter 7 Trustee (the "Trustee") for the bankruptcy estate (the "Estate") of BioData Medical Laboratories, Inc., the debtor herein (the "Debtor"), hereby files this motion (the "Motion") seeking the entry of an order authorizing the Trustee to continue operating the Debtor's medical testing business (the "Business") pursuant to 11 U.S.C. § 721 through and including the earlier of (i) December 31, 2017, and (ii) the date of closing of the sale of substantially all of the Debtor's assets to a buyer (the "Sale Closing Date").

Pursuant to an order entered by the Court on July 14, 2017 converting the Debtor's Chapter 11 bankruptcy case to one under Chapter 7 of the Bankruptcy Code, the Court authorized the Trustee to operate the Business through and including August 31, 2017 (subject to further extension upon application or motion by the Trustee).

The Trustee has received an offer from a buyer, HealthQuest Laboratories, Inc. (the "Buyer"), to purchase the Estate's right, title and interest in substantially all of the Debtor's assets (collectively, the "Property"), for cash in the sum of $900,000, subject to overbid and in accordance with the terms and conditions set forth in that certain *Asset Purchase Agreement* dated August 17, 2017 by and between the Trustee and the Buyer (the "APA"). The Trustee has therefore filed a motion seeking authority to sell the Property to the Buyer, free and clear of liens, claims and interests, subject to overbid, and in accordance with the terms and conditions set forth in the APA, and seeking other related relief (the "Sale Motion"), which is set for hearing on August 31, 2017 at 2:00 p.m. The Sale Motion seeks, among other relief, approval of that certain *Management and Operations Transfer Agreement* negotiated by the Trustee and the Buyer (the "MOTA"), which provides for the Buyer to operate the Business during the estimated 90-day period following the entry of a Court order approving the Sale Motion through the Sale Closing Date, during which period the parties will seek to effectuate the transfer of the Debtor's four (4) operating licenses to the Buyer (the "Management Period"). The Buyer will be solely responsible for all operational expenses of the Business incurred during the

1

Management Period, with the Estate to be indemnified by the Buyer for all losses and expenses related to such operations during the Management Period.

While the proposed MOTA authorizes the Buyer to operate the Business during the Management Period (with all costs of operating the Business during such Management Period to be the sole responsibility of the Buyer), the Buyer's authority to operate the Business will necessarily be derived from the Trustee's authority to operate the Business. Accordingly, pursuant to this Motion, the Trustee seeks authority to continue operating the Business through and including the earlier of (i) December 31, 2017 and (ii) the Sale Closing Date, so that the Trustee (or the Buyer, as the case may be) may continue operating the Business without disruption through the Sale Closing Date. The Trustee is not seeking authority to use cash collateral pursuant to this Motion, and will separately seek authority to use cash collateral through the Sale Closing Date.

**PLEASE TAKE FURTHER NOTICE** that the Motion is based upon this Notice of Motion, the Motion and the Memorandum of Points and Authorities and Declaration of Todd A. Frealy annexed thereto, 11 U.S.C. § 721, Local Bankruptcy Rule 9013-1, the entire record in this case, and such further evidence as may be brought before the Court.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 9013-1(o)(1), any response and request for a hearing must be filed with the Court and served on the Trustee, counsel for the Trustee (whose contact information is set forth on the upper left-hand corner of the first page of this Notice), and the United States Trustee no later than fourteen (14) days after the date of service of this Notice.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rules 9013-1(h) and 9013-1(o)(3), if no response and/or request for a hearing on the Motion is timely filed and served, then the Court may deem this to be consent to the granting of the relief requested in the Motion, and the Trustee will promptly lodge a proposed order granting the Motion.

///

///

**WHEREFORE**, the Trustee respectfully requests that the Court enter an order:

1.      granting the Motion in its entirety;

2.      authorizing the Trustee to operate the Debtor's Business through and including the earlier of (i) December 31, 2017 and (ii) the Sale Closing Date; and

3.      granting such other and further relief as is just and appropriate in the circumstances.

Dated: August 24, 2017                 TODD A. FREALY,
                                       CHAPTER 7 TRUSTEE


                                       By:_____
                                             EVE H. KARASIK
                                             JULIET Y. OH
                                             LEVENE, NEALE, BENDER, YOO
                                                  & BRILL L.L.P.
                                             Attorneys for Todd A. Frealy
                                             Chapter 7 Trustee

3

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**STATEMENT OF FACTS**

1.      BioData Medical Laboratories, Inc. (the "Debtor"), commenced a Chapter 11 bankruptcy case on November 28, 2016 by filing a voluntary petition under Chapter 11 of 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code").

2.      On May 31, 2017, the Office of the United States Trustee (the "OUST") filed a motion to appoint a chapter 11 trustee in the Debtor's case because the Debtor's financial condition had deteriorated (the "Trustee Motion").

3.      Following a hearing on the Trustee Motion, and after consideration of the pleadings filed in connection with the Trustee Motion and arguments at the hearing on such motion, the Court granted the OUST's Trustee Motion.  The Court entered a written order accordingly on June 23, 2017 (the "Order Appointing Trustee").

4.      On June 29, 2017, the Court appointed Todd A. Frealy (the "Trustee") as the Chapter 11 trustee for the Debtor's bankruptcy estate (the "Estate") *nunc pro tunc* to June 26, 2017.

5.      Thereafter, at a hearing conducted on July 11, 2017, the Trustee made an oral motion to the Court for the entry of an order pursuant to 11 U.S.C. § 1112(b) converting the Debtor's Chapter 11 bankruptcy case to one under Chapter 7.  The Court granted the Trustee's oral motion and, on July 14, 2017, entered an order converting the Debtor's Chapter 11 bankruptcy case to one under Chapter 7, effective *nunc pro tunc* to June 26, 2017 (the "Conversion Order").

6.      The Conversion Order also authorized the Trustee to continue to operate the Debtor's business through and including August 31, 2017, subject to further extension upon application or motion by the Trustee.

7.      The Debtor owns a medical testing business that provides medical test services for insurance and government entity health providers (the "Business").

8.      Immediately upon his appointment, the Trustee engaged a financial advisor, Sherwood Partners, Inc. ("Sherwood"), to assist him in connection with the Debtor's case and to act as the Trustee's sales agent in connection with a potential sale of the Debtor's Business and assets as a going-concern and/or liquidation of the Debtor's assets.

9.      Following his appointment, the Trustee was contacted by several parties who expressed interest in purchasing the Debtor's assets. The Trustee and his professionals have worked with several of these parties regarding a potential acquisition.

10.     The Trustee's sale efforts have been fruitful and have resulted in the successful negotiation of that certain *Asset Purchase Agreement* dated August 17, 2017 (the "APA") between the Trustee and HealthQuest Laboratories, Inc. (the "Buyer"), pursuant to which the Buyer has agreed, subject to Court approval, to purchase substantially all of the assets of the Estate (collectively, the "Property"), including, without limitation, the estate's interest in all inventory, supplies, intellectual property, equipment, and accounts receivables owned by the Debtor, as described in the APA, and to take assignment of certain executory contracts and leases designated by the Buyer, for a purchase price of $900,000 (the "Purchase Price"), subject to overbid, and under the terms and conditions set forth in the APA.

11.     On August 18, 2017, the Trustee filed a motion seeking Court authority to sell the Property to the Buyer, free and clear of liens, claims and interests, subject to overbid, and in accordance with the terms and conditions set forth in the APA, and seeking other related relief (the "Sale Motion").  The Sale Motion is set for hearing on August 31, 2017 at 2:00 p.m.

12.     The Sale Motion seeks, among other relief, approval of that certain *Management and Operations Transfer Agreement* negotiated by the Trustee and the Buyer (the "MOTA"), which provides for the Buyer to operate the Business during the estimated 90-day period following the entry of a Court order approving the Sale Motion through the date of the closing of the sale of the Property (the "Sale Closing Date"), during which period the parties will seek to effectuate the transfer of the Debtor's four (4) operating licenses to the Buyer (the "Management Period").  The Buyer will be solely responsible for all operational expenses of the

Business incurred during the Management Period, with the Estate to be indemnified by the Buyer for all losses and expenses related to such operations during the Management Period.

**II.**

**DISCUSSION**

Section 721 of the Bankruptcy Code provides:

> The court may authorize the trustee to operate the business of the Debtor for a limited period, if such operation is in the best interest of the estate and consistent with the orderly liquidation of the estate.

11 .S.C. § 721.

As noted above, the Trustee has filed the Sale Motion in the Debtor's bankruptcy case, pursuant to which the Trustee is seeking to sell substantially all of the Debtor's assets (*i.e.*, the Property) to the Buyer or a successful overbidder. The Sale Motion also seeks approval of the MOTA, which provides for the Buyer to operate the Business during the Management Period through the Sale Closing Date.

While the proposed MOTA authorizes the Buyer to operate the Business during the Management Period (with all costs of operating the Business during such Management Period to be the sole responsibility of the Buyer), the Buyer's authority to operate the Business will necessarily be derived from the Trustee's authority to operate the Business. Accordingly, pursuant to this Motion, the Trustee seeks authority to continue operating the Business through and including the earlier of (i) December 31, 2017 and (ii) the Sale Closing Date, so that the Trustee (or the Buyer, as the case may be) may continue operating the Business without disruption through the Sale Closing Date.

The Trustee is not seeking authority to use cash collateral pursuant to this Motion, and will separately seek authority to use cash collateral through the Sale Closing Date.

/ / /

/ / /

/ / /

## III.

## CONCLUSION

**WHEREFORE**, the Trustee respectfully requests that this Court enter an order:

1.      granting the Motion in its entirety;

2.      authorizing the Trustee to operate the Debtor's Business through and including the earlier of (i) December 31, 2017 and (ii) the Sale Closing Date; and

3.      granting such other and further relief as is just and appropriate in the circumstances.

Dated:  August 24, 2017                    TODD A. FREALY,
                                           CHAPTER 7 TRUSTEE


                                           By:_____
                                               EVE H. KARASIK
                                               JULIET Y. OH
                                               LEVENE, NEALE, BENDER, YOO
                                                   & BRILL L.L.P.
                                               Attorneys for Todd A. Frealy
                                               Chapter 7 Trustee

7

# DECLARATION OF TODD A. FREALY

I, Todd A. Frealy, hereby declare as follows:

1.      I am the duly appointed Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of BioData Medical Laboratories, Inc. (the "Debtor").  I have personal knowledge of the facts set forth below and, if called to testify, I would and could competently testify thereto.

2.      I submit this declaration in support of the motion seeking the entry of an order authorizing me to continue operating the Debtor's medical testing business (the "Motion"), to which this declaration is attached.

3.      The Debtor commenced a Chapter 11 bankruptcy case by filing a voluntary petition under Chapter 11 of the Bankruptcy Code on November 28, 2016.

4.      On May 31, 2017, the Office of the United States Trustee (the "OUST") filed a motion to appoint a chapter 11 trustee in the Debtor's case because the Debtor's financial condition had deteriorated (the "Trustee Motion").

5.      I am advised and believe that, following a hearing on the Trustee Motion, and after consideration of the pleadings filed in connection with the Trustee Motion and arguments at the hearing on such motion, the Court granted the OUST's Trustee Motion.  The Court entered a written order accordingly on June 23, 2017 (the "Order Appointing Trustee").

6.      On June 29, 2017, the Court appointed me as the Chapter 11 trustee for the Debtor's bankruptcy estate (the "Estate") *nunc pro tunc* to June 26, 2017.

7.      Thereafter, at a hearing conducted on July 11, 2017, I made an oral motion to the Court for the entry of an order pursuant to 11 U.S.C. § 1112(b) converting the Debtor's Chapter 11 bankruptcy case to one under Chapter 7.  The Court granted my oral motion and, on July 14, 2017, entered an order converting the Debtor's Chapter 11 bankruptcy case to one under Chapter 7, effective *nunc pro tunc* to June 26, 2017 (the "Conversion Order").

8.      The Conversion Order also authorized me to continue to operate the Debtor's business through and including August 31, 2017, subject to further extension upon my application or motion.

9.     The Debtor owns a medical testing business that provides medical test services for insurance and government entity health providers (the "Business").

10.    Immediately upon my appointment, I engaged a financial advisor, Sherwood Partners, Inc. ("Sherwood"), to assist me in connection with the Debtor's case and to act as my sales agent in connection with a potential sale of the Debtor's Business and assets as a going-concern and/or liquidation of the Debtor's assets.

11.    Following my appointment, I was contacted by several parties who expressed interest in purchasing the Debtor's assets.  My professionals and I have worked with several of these parties regarding a potential acquisition.

12.    My sale efforts have been fruitful and have resulted in the successful negotiation of that certain *Asset Purchase Agreement* dated August 17, 2017 (the "APA") between HealthQuest Laboratories, Inc. (the "Buyer") and me (as Trustee), pursuant to which the Buyer has agreed, subject to Court approval, to purchase substantially all of the assets of the Estate (collectively, the "Property"), including, without limitation, the estate's interest in all inventory, supplies, intellectual property, equipment, and accounts receivables owned by the Debtor, as described in the APA, and to take assignment of certain executory contracts and leases designated by the Buyer, for a purchase price of $900,000 (the "Purchase Price"), subject to overbid, and under the terms and conditions set forth in the APA.

13.    On August 18, 2017, I filed a motion seeking Court authority to sell the Property to the Buyer, free and clear of liens, claims and interests, subject to overbid, and in accordance with the terms and conditions set forth in the APA, and seeking other related relief (the "Sale Motion").  The Sale Motion is set for hearing on August 31, 2017 at 2:00 p.m.

14.    The Sale Motion seeks, among other relief, approval of that certain *Management and Operations Transfer Agreement* negotiated by the Buyer and me (the "MOTA"), which provides for the Buyer to operate the Business during the estimated 90-day period following the entry of a Court order approving the Sale Motion through the date of the closing of the sale of the Property (the "Sale Closing Date"), during which period the parties will seek to effectuate

the transfer of the Debtor's four (4) operating licenses to the Buyer (the "Management Period"). The Buyer will be solely responsible for all operational expenses of the Business incurred during the Management Period, with the Estate to be indemnified by the Buyer for all losses and expenses related to such operations during the Management Period.

15.    While the proposed MOTA authorizes the Buyer to operate the Business during the Management Period (with all costs of operating the Business during such Management Period to be the sole responsibility of the Buyer), the Buyer's authority to operate the Business will necessarily be derived from my authority to operate the Business.

16.    Accordingly, pursuant to the Motion, I am seeking Court authority to continue operating the Business through and including the earlier of (i) December 31, 2017 and (ii) the Sale Closing Date, so that the Buyer or I (as the case may be) may continue operating the Business without disruption through the Sale Closing Date.

17.    I am not seeking authority to use cash collateral pursuant to this Motion, and will separately seek authority to use cash collateral through the Sale Closing Date.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 24th day of August, 2017, at Los Angeles, California.


_Todd A. Frealy_

Todd A. Frealy, Declarant

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR ENTRY OF ORDER AUTHORIZING TRUSTEE TO CONTINUE OPERATING BUSINESS OF DEBTOR PURSUANT TO 11 U.S.C. § 721 THROUGH AND INCLUDING DECEMBER 31, 2017; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF TODD A. FREALY IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **August 24, 2017**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Andrew K Alper    aalper@frandzel.com, lhernandez@frandzel.com**
- **Richard W Brunette    rbrunette@sheppardmullin.com, vlamonica@sheppardmullin.com**
- **Douglas N Candeub    dcandeub@morrisjames.com**
- **Natalie B. Daghbandan    natalie.daghbandan@bryancave.com, raul.morales@bryancave.com;theresa.macaulay@bryancave.com**
- **Brett D Fallon    bfallon@morrisjames.com**
- **Todd A Frealy    taf@lnbrb.com**
- **Todd A. Frealy (TR)    taftrustee@lnbyb.com, tfrealy@ecf.epiqsystems.com**
- **Todd S Garan    ch11ecf@aldridgepite.com, TSG@ecf.inforuptcy.com;tgaran@aldridgepite.com**
- **Anthony F Giuliano    afg@pryormandellup.com**
- **Andrew Goodman    agoodman@andyglaw.com**
- **Everett L Green    everett.l.green@usdoj.gov**
- **M Jonathan Hayes    jhayes@srhlawfirm.com, roksana@srhlawfirm.com;matthew@srhlawfirm.com;rosarioz@srhlawfirm.com;jfisher@srhlawfirm.com;maria@srhlawfirm.com;jhayesecf@gmail.com**
- **Eve H Karasik    ehk@lnbyb.com**
- **Margarit Kazaryan    kazaryanlaw@gmail.com, margokazaryan@gmail.com**
- **Jeffrey S Kwong    jsk@lnbyb.com, jsk@ecf.inforuptcy.com**
- **Stephen F Lambert    slambert@lambertrogers.com, sflambert@aol.com**
- **Robert S Marticello    Rmarticello@swelawfirm.com, csheets@swelawfirm.com;gcruz@swelawfirm.com;hdavis@swelawfirm.com**
- **Hal M Mersel    mark.mersel@bryancave.com, ginny.hamel@bryancave.com**
- **Juliet Y Oh    jyo@lnbrb.com, jyo@lnbrb.com**
- **Valerie Bantner Peo    vbantnerpeo@buchalter.com**
- **Daniel Robert Schimizzi    dschimizzi@bernsteinlaw.com, cwirick@bernsteinlaw.com**
- **Scott Talkov    stalkov@rhlaw.com**
- **United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov**
- **David M Wiseblood    dwiseblood@wisebloodlaw.com, dmwadmin@wisebloodlaw.com**
- **Robert M Yaspan    court@yaspanlaw.com, tmenachian@yaspanlaw.com**

**2. SERVED BY UNITED STATES MAIL**: On **August 24, 2017**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ *Service information continued on attached page*

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                     **F 9013-3.1.PROOF.SERVICE**

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **August 24, 2017**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

***Served via Overnight Mail***

Hon. Mark S. Wallace
United States Bankruptcy Court
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 6135 / Ctrm 6C
Santa Ana, CA 92701-4593

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| August 24, 2017 | Stephanie Reichert | /s/ Stephanie Reichert |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                 **F 9013-3.1.PROOF.SERVICE**

Blue Bee, Inc.
Top 20, Secured Creditors, OUST, RSN

Dare Law
Office of the United States Trustee
915 Wilshire Blvd., Suite 1850
Los Angeles, CA 90017

U.S. BANK EQUIPMENT FINANCE
1310 MADRID STREET, SUITE 106
MARSHALL MN 56258

IRS/OHIO
P.O. BOX 145595
CINCINNATI OH 45250

LINE & DOT, LLC DBA LUMIERE
COLLECTIONS
1912 E. VERNON AVE., STE. 100
LOS ANGELES CA 90058

PACIFIC CITY BANK
3701 WILSHIRE BLVD., SUITE 310
LOS ANGELES CA 90010

BOARD OF EQUALIZATION
PO BOX 942879
SACRAMENTO CA 94279

TYLER MALL LIMITED PARTNERSHIP, A
DELAWARE LIMITED
PARTNERSHIP
24011 VENTURA BLVD., STE. 201
CALABASAS CA 91302

PACIFIC CITY BANK
3701 WILSHIRE BLVD., SUITE 100
LOS ANGELES CA 90010

GGP-OTAY RANCH, L.P., A DELAWARE
LIMITED
PARTNERSHIP
24011 VENTURA BLVD., STE. 201
CALABASAS CA 91302

FASHBLVD., INC.
1700 E. 58TH PL., #9
LOS ANGELES, CA 90001

VALLEY PLAZA MALL, LP, A DELAWARE
LIMITED
PARTNERSHIP
24011 VENTURA BLVD., STE. 201
CALABASAS CA 91302

Caribbean Queen Inc.
1128 S. Crocker Street
Los Angeles, CA 90021

Alythea
1016 S. Towne Ave., #106
Los Angeles, CA 90021

CA State Board of Equalization
P.O. Box 942879
Sacramento, CA 94279

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Brian D. Huben
Dustin P. Branch
BALLARD SPAHR LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067

Horton Plaza, LLC
Blackmar, Principe & Schmelter, APC
600 B Street, Suite 2250
San Diego, CA 92101

Macerich Fresno LP
PO Box 849418
Los Angeles, CA 90084-9418

L'atiste
424 Towne Avenue
Los Angeles, CA 90021

Lynx Property Management Inc
924 Laguna St. Suite B
Santa Barbara, CA 93101

Paseo Nuevo Owner LLC
PO Box 780268
Philadelphia, PA 19178-0268

Macerich SMP LP
c/o David M. Cohen, Esq.
5950 Canoga Avenue, Suite 605
Woodland Hills, CA 91367

Nine Planet
1022 S. Wall Street
Los Angeles, CA 90015

SEVEND
2301 E. 7th St.
Suite E-200
Los Angeles, CA 90023

Plaza Bonita, LLC
Blackmar, Principe & Schmelter, APC
600 B. Street, Suite 2250
San Diego, CA 92101

Rancho Mall LLC
PO Box 72439
Cleveland, OH 44192

The Retail Property Trust
Brea Mall
PO Box 772827
Chicago, IL 60677-2827

Shops at Mission Viejo LLC
7415 Solution Center
Chicago, IL 60677-7004

South Bay Center SPE LLC
PO Box 72056
Cleveland, OH 44192-0056

Tyler Mall Limited Partnership
SDS-12-3113
PO Box 86
Minneapolis, MN 55486-3113

W/A SVT Holdings VI LLC
PO Box 749659
Los Angeles, CA 90074-9659

Integrity Payment Systems
1700 Higgins Road # 690
Des Plaines, IL  60018

*Counsel to Caribbean Queen Inc.*
Law Offices of Jacqueline N. Anker
27 W Anapamu, Suite 325
Santa Barbara, CA 93101

*Counsel to Macerich Cerritos LLC*
David M. Cohen, Esq.
5950 Canoga Avenue, Suite 605
Woodland Hills, CA 91367

Michael A. Wallin
Slater Hersey & Lieberman LLP
18301 Von Karman Ave, Suite 1060
Irvine, CA 92612

Marc Andrews
Office of the General Counsel
Wells Fargo & Company
21680 Gateway Center Drive, Suite 280
Diamond Bar, CA 91765-2435